## The State of Kansas v. Nelson Young.

1. PRACTICE IN CRIMINAL CASES ON APPEAL. When the law of 1867, chapter 49, provided for an appeal from the judgment of a justice of the peace, in a criminal case, and further, that on such appeal being taken, the case should be tried *de novo* in the appellate court : *Held*, That it was error in such appellate court to try such a case as upon a *petition in error*.

2. Chapter 50 of the laws of 1867 required that all actions for misdemeanor should, on appeal, be tried as if they had originated in the court to which they were appealed.

### Appeal from Shawnee District Court.

THE defendant Young was prosecuted before a justice of the peace of Shawnee county, for alleged violations of the dramshop act. Being convicted, he appealed to the district court. His appeal was taken and perfected in the manner prescribed by sections four and five of chapter 49 of the laws of 1867.

The cause came on to be tried in the district court, where it was heard upon the record and papers, as in cases removed by "petition in error," and the district court affirmed the judgment of the justice. From this judgment the defendant appeals to this court, alleging that he was entitled to a trial *de novo*.

*Martin, Morton & Burns* and *Case & Case,* for appellant Young.

*Thomas Ryan* and *W. P. Douthitt for the State.*

The opinion of the court was delivered by

SAFFORD J. : This was an appeal from a judgment of a justice of the peace to the district court. The offense charged was a misdemeanor, as that term was defined in the statutes in force at the time of its alleged commission and prosecution. Comp. L., 1862, chap. 84, and chap. 33, section 302. That the justice had jurisdiction to try the case, there is no room for doubt, inasmuch as such jurisdiction was expressly conferred by laws of 1867, chap. 49, section 1. That an appeal from the judgment of such justice of the peace, to the district court, was allowable, is also clear; [section 4 of said chapter 49, laws of 1867.] There is no question made as to the regularity of the appeal. The case then was properly in the district court.

*1. ACTIONS for misdemeanors are removed to a higher court by appeal.*

Were the proceedings then had in accordance with law in form and substance? The case was heard as upon a petition in error; the judgment of the justice was declared "affirmed," without a trial *de novo* having first been had. There seems to have been no authority of law for such a course of procedure. It was not the intention of the law, that, in such a case, the action of the justice should be reviewed in this manner; but it was expressly provided, that the district court should " have full power and authority by proceedings *de novo, to hear, try* and *fully determine* by final judgment and execution the case so appealed, the same in all respects as if it had been commenced in the district court." Laws of 1867, chapter 50, section 1.

*2. CASES on appeal must be tried de novo.*

The record then does not present such a course of proceeding as the law contemplated should be had in any respect, and the judgment must for this reason be reversed.

As to the several questions presented upon the argument here, they are not properly before us, and need not therefore be considered.

KINGMAN, C. J., concurring.

VALENTINE, J., not sitting: